CAROLINE HARBECK, Appellant, *v.* JOHN H. HARBECK,
Respondent.

*Court of Appeals, June* 1, 1886.

Affirming 31 Hun, 640, Mem.

*Husband and wife. Proof of marriage.*—Where a union between the
parties is at first illegal, followed by no formal celebration of
marriage, without evidence of any present agreement to take each
other for husband and wife, or at least with doubtful proof of any
change of relations, the finding of the trial judge thereon that no
contract of marriage was ever entered into between them, has
evidence in its support which raises a conflict, and precludes the
court of appeals from reviewing the weight of the testimony.

This is an action for divorce; and the only question liti-
gated was as to whether the parties were married, as no cere-
monial marriage had taken place between them.

Appeal from a judgment of the general term of the su-
preme court, affirming judgment in favor of defendant.

*Wm. H. Howe,* for appellant.

*Wm. Fullerton,* for respondent.

DANFORTH, J.—The trial judge and the general term
have found against the plaintiff, and notwithstanding a dif-
ference of opinion among the judges of the court below, we
are constrained, after a careful consideration of the evidence
to sustain the judgment which followed the conclusion of
the majority. That the union between the parties was at
first illegal is conceded. If a change occurred, it was fol-
lowed by no formal celebration, nor is there evidence of any
present agreement to take each other for husband and wife;
and that they ever passed, by contract or by mutual con-

sent, from the state of concubinage into that of marriage, is made doubtful by the admission of the plaintiff, proven by the testimony of her sister, by that of the defendant's father, and by other witnesses. If that testimony is true, it is difficult to find that she herself regarded the connection as matrimonial, or that its continuance depended upon anything more binding than the inclination or will of the defendant. It is true that he assumed the character of husband and she of wife, and reported themselves in that relation to their associates and others; and there was enough in their conduct, *prima facie*, to entitle each to the civil rights which belong to the real character; but the testimony to which I have referred, and circumstances disclosed by others, raised a conflict in evidence, which we cannot, as an appellate court, declare to be insufficient to show that the assumption was unfounded. Such was the conclusion of the trial judge. His finding is that no contract of marriage was ever entered into between the plaintiff and defendant, and we cannot say it has no evidence in its support. In the face of that finding, this appeal must fail. The judgment should therefore be affirmed.

All concur.